UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JANURIS HERNANDEZ DE LEON, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil No. 16-10402-LTS |
| OCWEN LOAN SERVICING, LLC, | ) ) ) | |
| Defendant. | ) ) | |

ORDER

August 1, 2016

SOROKIN, J.

For the reasons that follow, the Court ALLOWS Defendant's Motion to Dismiss.

I.  BACKGROUND

On February 25, 2016, Plaintiff Januris Hernandez De Leon, proceeding *pro se*, filed a Complaint alleging that Defendant Ocwen Loan Servicing, LLC, discriminated against her by "not accepting [a] loan modification" from Plaintiff on account of her status as a "minority applicant" and as the mother of a child with a disability. Doc. 1 at 3. Plaintiff alleges violations under various state and federal anti-discrimination laws, including the Americans with Disabilities Act, and alleges a breach of an implied covenant of good faith and fair dealing. Id. at 4. Plaintiff further alleges that Defendant does not have authority to auction her home and has "failed to disclose the costs and the fees associated with" Plaintiff's home loan, in violation of the Real Estate Settlement Procedures Act ("RESPA"). Id. at 3-5.

On April 18, 2016, Defendant filed a Motion to Dismiss the Complaint.  Docs. 13, 14.  Defendant states that Plaintiff has sued the improper party, as Defendant is merely the loan servicer, not the mortgagee of record, and thus is not the foreclosing entity.[1]  Doc. 14 at 2-3.  Defendant further argues that Plaintiff's claims are impermissibly vague.  Id. at 3.

On July 1, 2016, Plaintiff filed a response to Defendant's Motion to Dismiss, in which she claims that she "never received any notice" that Citibank was the mortgagee of record.  Doc. 21 at 1.  Plaintiff does not address – at least in any manner that the Court can discern – Defendant's argument that it is not the foreclosing entity.  Plaintiff requests permission to amend the Complaint, id. at 4, but does not explain how an amended complaint might be different from the instant one.

On July 27, 2016, Plaintiff filed an emergency motion to stop the auction of her home.  Doc. 22 at 1.  The Court denied the emergency motion.  Doc. 23.

II.     DISCUSSION

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief."  Ashcroft v. Iqbal, 556 U.S.

---

[1] According to Defendant, Citibank is the mortgagee of record.  Doc. 14 at 3.  Defendant submits two documents – a mortgage agreement, Doc. 13-1, and a corporate assignment of mortgage, Doc. 13-2 – as proof that Citibank is the mortgagee and thus that Ocwen Loan Servicing, LLC, has been wrongly named as a party.  Defendant states, without further elaboration, that these documents are "public record[s] of which the Court can take judicial notice."  Doc. 14 at 1, 2.  That bare statement is not enough to persuade the Court to take judicial notice of the documents.  See Freeman v. Town of Hudson, 714 F.3d 29, 37 (1st Cir. 2013) ("Other than invoking the label 'public records,' which is too broad a term to rely on, [Defendant] make[s] no developed argument as to why [these] documents . . . are either categorically or in this instance eligible to be considered on a motion to dismiss.").  Moreover, the documents do not appear to be *official* public records, let alone official records that have "indicia of reliability."  Id. at 36.  Finally, Defendant has not explained to the Court how the documents conclusively demonstrate that it has been wrongly named as a party for *each* of the claims in the Complaint.

662, 677-78 (2009).  "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Id. at 678.  "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Id.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. at 679.  If a complaint's facts "do not permit the court to infer more than the mere possibility of misconduct," the complaint has not shown "that the pleader is entitled to relief."  Id.

The Complaint is dismissed under Rule 8(a)(2) and Rule 12(b)(6).  Plaintiff alleges no facts to support her claim that Defendant has discriminated against her.  She notes that she is a minority and the mother of a child with a disability, see Doc. 1 at 2-3, but she alleges no facts to support her claim that Defendant refused a loan modification *because* she is a minority or the mother of a child with a disability.  In addition, Plaintiff does not allege any facts – let alone sufficient facts to state a plausible claim to relief – to support any of her other legal claims.  Thus, the Complaint is merely "an unadorned, the-defendant-unlawfully-harmed-me accusation," and does not allow the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678-79.

For all of these reasons, Defendant's Motion to Dismiss is ALLOWED.  Plaintiff may, within 21 days, file an amended complaint that cures the pleading deficiencies discussed in this

Order.  If Plaintiff does not file an amended complaint that states a plausible claim to relief within 21 days, the Court may dismiss this action in its entirety.

SO ORDERED.

 /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge