UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JANURIS HERNANDEZ DE LEON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 16-10402-LTS |
| v. ) | |
| ) | |
| OCWEN LOAN SERVICING, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM AND ORDER

September 1, 2016

SOROKIN, D.J.

For the reasons stated below, the Court directs Plaintiff to file a Second Amended Complaint.

I. **BACKGROUND**

In an Order dated August 1, 2016, Doc. 24, the Court granted the motion to dismiss of Defendant Ocwen Loan Servicing, LLC ("OLS"). The Court held that Plaintiff had failed to state a claim upon which relief can be granted because her claims regarding OLS's alleged failure to enter into a loan modification with her were impermissibly vague and therefore did not meet the notice pleading requirement of Rule 8(a) of the Federal Rules of Civil Procedure ("Rule 8(a)"):

> Plaintiff alleges no facts to support her claim that Defendant has discriminated against her. She notes that she is a minority and the mother of a child with a disability, see Doc. 1 at 2-3, but she alleges no facts to support her claim that Defendant refused a loan modification because she is a minority or the mother of a child with a disability. In addition, Plaintiff does not allege any facts – let alone

> sufficient facts to state a plausible claim to relief – to support any of her other legal claims.  Thus, the Complaint is merely "an unadorned, the-defendant-unlawfully-harmed-me accusation," and does not allow the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678-79.

Doc. 24 at 3 (quoting Ashcroft v. Iqbal,  556 U.S. 662 (2009)).  Nonetheless, the Court did not dismiss the case but instead afforded Plaintiff twenty-one days to file an amended complaint to cure the pleading deficiencies identified by the Court.

Plaintiff timely filed her Amended Complaint on August 22, 2016.  Doc. 26.  She names Citibank Mortgage ("Citibank"), whom OLS had represented was the mortgagee of record, as the sole defendant.  All of the factual allegations are set forth within the two counts of the Amended Complaint.  In Count I, which is labeled "Discrimination and civil right violation," Plaintiff alleges:

> The Defendant discriminate in violation of the Plaintiff civil rights has refused in good faith to stop the foreclosure Action since the Defendant Agent Servicing company (OCWEN LOAN SERVICE) and THE ORLAN MORAN LAW OFFICE continue foreclosure activities despite the fact that the plaintiff has started her trial loan Modification payments., as the result the plaintiff has suffered emotional distress.

Amend. Compl. ¶ 5 (as in original).  Count II is entitled "Violation of Federal Loan Modifiaction [sic] 38 CFR 36.4315."  Plaintiff asserts therein: "The Defendant by their agent despite the on going loan modification process continue sending auction notice by his agent ORLAN MORAN LAW OFFICE, the Plaintiff suffered emotional distress with the Defendant negligent conduct." Id. ¶ 6 (as in original).  In terms of relief, Plaintiff asks that the Court order CitiBank to "stop all the foreclosure activities and enter judgment for the plaintiff."  Id. at 3.

Citibank has filed a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II.   DISCUSSION

The Amended Complaint fails to state a claim upon which relief may be granted.  As the Court previously explained, Rule 8(a) requires that a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Iqbal, 556 U.S. at 678.  This means that the pleading needs to provide a defendant "enough detail to provide a defendant with 'fair notice of what the . . . claim is and the grounds upon which it rests,'" Silverstrand Invs. v. AMAG Pharm., Inc., 707 F.3d 95, 101 (1st Cir. 2013) (quoting Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011)) (alteration in original), or, in other words, the statement of the claim "must 'at least set forth minimal facts as to who did what to whom, when, where, and why,'" Calvi v. Knox County, 470 F.3d 422, 430 (1st Cir. 2006) (quoting Educadores Puertorriqueños en Acción v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004)).  Plaintiff's obligation to provide the grounds of her claims "requires more than labels and conclusions."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

### A.   Count I

Notwithstanding Plaintiff's invocation of the words "discrimination" and "discriminate," Count I of the Amended Complaint fails to state a claim upon which relief may be granted.  Plaintiff's assertion of unlawful discrimination is entirely conclusory and therefore cannot be credited by the Court.  To be sure, the law prohibits certain types of discrimination in residential real-estate financial transactions.  For example, under the Fair Housing Act, a bank or other entity "engage[ed] in engaging in residential real estate-related transactions" is prohibited from discriminating against borrowers or potential borrowers based on their membership in a protected class—race, color religion, sex, handicap, familial status, or national origin.  42 U.S.C. § 3605(a).  However, Plaintiff has failed to allege any specific facts which would permit the

Court to reasonably infer that Citibank's foreclosure activities against her are motivated by an unlawful discriminatory animus.  She does not even identify the basis on which she was allegedly discriminated against (e.g., race, disability), much less any basis for concluding that, because of her membership in a protected class, Citibank treated her any differently than others who have payment records and financial situations similar to hers.  See, e.g., Molina v. Aurora Loan Servs., LLC, 635 Fed. Appx 618, 624-626 (11th Cir. 2015) (derogatory questions and comments made by loan servicer about plaintiff's age did not allow a reasonable inference of discrimination, where plaintiff did not allege that she was qualified for a loan modification); Blair v. Bank of America, NA, 573 Fed. Appx 665, 665-66 (9th Cir. 2014) (allegation that plaintiff was disabled and that defendant did not extend the deadline for a loan modification did not, without more, plausibly allege discrimination based on disability).

  B.  **Count II**

  Plaintiff's claim for "Violation of Federal Loan Modifiaction [sic]" also fails to state a claim upon which relief may be granted.  Plaintiff may be referring to the Home Affordable Mortgage Program ("HAMP"), which provides mortgagors and loan servicers with, *inter alia*, guidelines they must following regards to a particular type of mortgage loan modification.  See Molina, 635 Fed. Appx. at 626.  However, no private right of action exists under HAMP; in other words, a private party cannot bring a claim against a bank or loan servicer solely on the ground that it violated HAMP's guidelines.  See id.; Rush v. Mac, 692 F.3d 600, 605 (6th Cir. 2015); Sinclair v. Citi Mortg, Inc., 519 Fed. Appx. 737, 739 (3d Cir. 2013) (per curiam); Pennington v. HSBC Bank USA, N.A., 493 Fed. Appx. 548 552 (5th Cir. 2012).[1]

---

[1] Plaintiff also cites 38 C.F.R. § 36.4315 as a basis for her claim in Count II.  This regulation, and all other regulations under Title 38 of the Code of Federal Regulations, concern payments and relief to veterans.  Further, even if § 36.4315 applied to the public at large, the regulation

Nonetheless, in some circumstances, a bank's failure to offer a loan modification under HAMP can serve as the basis of a state law claim. In <u>Wigod v. Wells Fargo Bank, N.A.</u>, 673 F.3d 547, (7th Cir. 2012), the plaintiff alleged that the lender had breached its promise to permanently modify her mortgage loan if she successfully completed a "trial" loan modification and she qualified under HAMP guidelines. <u>See id.</u> at 555. The Seventh Circuit held that, notwithstanding that HAMP does not provide a private right of action, the plaintiff had stated state law claims for breach of promise, promissory estoppels, fraudulent misrepresentation, and a violation of the Illinois consumer protection statute. This Court has likewise held that a lender's failure to finalize a loan modification agreement pursuant to the HAMP guidelines can serve as the basis for a claim for breach of contract action or for violation of the Massachusetts consumer protection statute, Chapter 93A of the Massachusetts General Laws. <u>See, e.g.</u>, <u>Hannigan v. Bank of Amer., N.A.</u>, 48 F. Supp. 3d 135, 142-43 (D. Mass. 2014); <u>Stagikas v. Saxon Mortg. Servs., Inc.</u>, 795 F. Supp. 2d 129, 135-37 (D. Mass. 2011); <u>Morris v. BAC Home Loans Servicing</u>, L.P., 775 F. Supp. 2d 255, 259 (D. Mass. 2011). Further, under 12 C.F.R. § 1024.41, a regulation under the Real Estate Settlement Procedure Act, borrowers who have requested a loan modification or other type of loss mitigation do have certain enforceable rights as to how a loan servicer responds to such a request. <u>See</u> 12 C.F.R. § 1024.41; <u>see also, e.g.</u>, <u>Dionne v. Fed. Nat'l Mortgage Ass'n</u>, 110 F. Supp. 3d 338, 343-44 (D.N.H. 2015) (holding that plaintiffs had sufficiently pled that defendant had violated 12 C.F.R. § 1024.41 by conducting the foreclosure sale prior to acting on the plaintiffs' loan modification application).

---

"does not create a right of a borrower to have a loan modified, but simply authorizes the loan holder to modify a loan in certain situations without prior approval of the Secretary." 38 C.F.R. § 36.4315(c).

5

Nonetheless, Plaintiff has not made adequate specifically factual allegations to plausibly allege that Citibank is liable under any of these theories.  Plaintiff has not made any assertions concerning when she contacted Citibank (or its agents) about a possible loan modification; the response by Citibank; any ensuing communication between the parties; what information she provided to the defendant and when she provided it; what representations, if any, Citibank made in regards to her eligibility for a loan modification and whether Citibank followed through with any such promise; the existence and terms of any trial loan modification agreement and whether the parties adhered to the terms of such agreement.  Further, the amended complaint lacks any timeline of relevant events.  In the absence of these key factual assertions, the Court cannot simply credit Plaintiff's conclusion that Defendant has violated the law.

## III.   CONCLUSION

Accordingly, if Plaintiff wishes to prosecute this action, she must, within twenty-one days, file a Second Amended Complaint that cures the pleading deficiencies discussed above.  While the Second Amended Complaint does not need to contain every alleged fact relevant to this lawsuit, it must nonetheless contain sufficient facts to support Plaintiff's legal conclusion that Defendant has violated the law, whether the theory of liability is breach of contract, violation of the state consumer protection statute, discrimination based on membership in a protected class, violation of a federal regulation, or other basis of relief.  Failure to comply with this directive will result in dismissal of this action.

The motion to dismiss the Amended Complaint is DENIED AS MOOT.

SO ORDERED.

/s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge