UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JANURIS HERNANDEZ DE LEON | ) |
| Plaintiff, | ) |
| v. | ) Case No. 16-cv-10402-LTS |
| OCWEN LOAN SERVICING, | ) |
| Defendant. | ) |

ORDER ON MOTION TO DISMISS (DOC. 35)

February 14, 2017

SOROKIN, J.

For the reasons that follow, the Court ALLOWS Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint.

**I.     BACKGROUND**

On February 25, 2016, Plaintiff Januris Hernandez De Leon, proceeding *pro se*, filed a Complaint against Defendant Ocwen Loan Servicing, LLC. Plaintiff alleged discrimination and violations under various state and federal statutes. On August 1, 2016, the Court granted Defendant's Motion to Dismiss for Failure to State a Claim under Federal Rules of Civil Procedure Rule 8(a) and Rule 12(b)(6)  Doc. 24 at 3. Specifically, the Court determined that the allegations of the Complaint were conclusory. See id. The Court permitted Plaintiff twenty-one days to file an amended complaint to cure the pleading deficiencies identified by the Court. Id. at 3-4.

On August 22, 2016, Plaintiff filed a timely Amended Complaint. Doc. 26. Defendant again moved to dismiss. Doc. 27. As explained in more detail in the Court's opinion, the Court

1

directed Plaintiff to file a Second Amended Complaint to cure pleading deficiencies identified by the Court in part because the Amended Complaint failed to set forth specific factual allegations to support her claims. See Doc. 29 at 3, 6. The Court denied the motion to dismiss as moot in light of its ruling and granted Plaintiff twenty-one days to file a Second Amended Complaint. Id.

Plaintiff filed a timely Second Amended Complaint on September 21, 2016. Defendant again filed a Motion to Dismiss the case on October 5, 2016. Doc. 35. For the next two months, Plaintiff neither responded to Defendant's Motion nor requested an extension of time. Doc. 38 at 1. On December 6, 2016, the Court ordered Plaintiff to respond by December 28, 2016 and warned that this case will be dismissed if Plaintiff fails to do so. Id. at 2. On January 3, 2017, five days after the Court-imposed filing deadline, Plaintiff filed a response. Notwithstanding the late response and the Court's "inherent power to dismiss case[s] *sua sponte* for failure to prosecute," Dietz v. Bouldin, 136 S. Ct. 1885, 1892 (2016) (citing, *inter alia*, Link v. Wabash R. Co., 370 U.S. 626, 631-32 (1962)), the Court considers the merits of the parties' arguments.

## II.  DISCUSSION

The Second Amended Complaint suffers from the same pleading deficiencies that Court previously identified and fails to state a claim upon which relief may be granted.

As the Court explained, Rule (8)(a) demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Plaintiff's allegations must include "more than labels and conclusions." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face. Iqbal, 556 U.S. at 678. There must be enough factual content to allow the court to "draw the reasonable inference that the defendant is liable

for the misconduct alleged." Id. Meeting this standard is important because a pleading must provide a defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." Silverstrand Invs. v. AMAG Pharm., Inc., 707 F.3d 95, 101 (1st Cir. 2013) (quoting Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011)) (alteration in original).

**A. Count I**

Count I alleges a claim unlawful discrimination. Doc. 34 at 2. Plaintiff asserts that Citibank refused a loan modification "since the plaintiff is a minority home owner" but has failed to allege any specific facts that suggest that the refusal was motivated by a discriminatory bias. Id. Plaintiff's claims in the Opposition to Defendant's Motion are similarly vague and speculative. Plaintiff asserts that "Defendant has treated the plaintiff differently" and that "this fact by itself is evidence of discrimination." Doc. 40 at 2. But Plaintiff has not provided any basis for concluding that Citibank treated her differently than others with similar financial records. Plaintiff has also not made any assertions regarding Defendant's specific actions or communications that demonstrate a discriminatory animus. Accordingly, Count I of the Second Amended Complaint fails to cure the pleading deficiencies previously explained by the Court. Doc. 29 at 3-4. Thus, it is dismissed.

Count I also alleges a claim under the Home Affordable Mortgage Program ("HAMP"). Doc. 34 at 2-3. As the Court previously noted, HAMP does not provide a private right of action; Plaintiff cannot bring a claim solely based on the ground that Defendant violated HAMP. See, e.g., Molina v. Aurora Loan Servs., LLC, 635 F. App'x 618, 624-626 (11th Cir. 2015). Instead, Plaintiff may use the HAMP guidelines as the basis for a state law claim, such as a claim for breach of contract or for violation of the Massachusetts consumer protection statute, Chapter 93A of the Massachusetts General Laws. See, e.g., Hannigan v. Bank of Amer., N.A., 48 F.

Supp. 3d 135, 142-43 (D. Mass. 2014); Stagikas v. Saxon Mortg. Servs., Inc., 795 F. Supp. 2d 129, 135-37 (D. Mass. 2011); Morris v. BAC Home Loans Servicing, 775 F. Supp. 2d 255, 259 (D. Mass 2011). Plaintiff has neither alleged a separate state law cause of action nor pled sufficient factual allegations to support such a claim.

  **B. Count II**

  Count II alleges a violation of Massachusetts General Laws Chapter 93A. Doc. 34 at 3. To state a valid claim under 93A, plaintiff must allege that the defendant "committed an unfair or deceptive practice, causing economic injury to the plaintiff." Hanrahran v. Specialized Loan Servicing, LLC, 54 F. Supp. 3d 149, 153 (D. Mass. 2014). While a bank's handling of a loan modification process can be a basis for action under 93A, such action requires allegations showing unfairness or deceptiveness beyond minor delays or technical errors. See id. at 154-55. "For example, plaintiffs have successfully survived the motion to dismiss stage when they alleged a pattern or course of conduct involving misrepresentations, delay, and evasiveness in evaluating a HAMP application." Id. at 156 (holding that the plaintiff sufficiently pleaded a 93A claim by alleging that the defendant failed to respond to her application for almost twenty months, falsely stated that the application was missing documents, and falsely claimed that a notice was sent regarding these documents).

  Here, Plaintiff simply asserts that Defendant "acted unfairly" towards Plaintiff by authorizing the foreclosure process while Plaintiff's loan modification application was pending. As the Court previously pointed out, Plaintiff does not provide any assertions concerning when she contacted Citibank about a possible loan modification and what information she provided; the response by Citibank; what representations or promises, if any, Citibank made regarding her eligibility for a loan modification; and the terms of any trial loan modification agreement.

Without any of this factual content, and without any timeline of relevant events, the Court cannot find Defendant's course of conduct unfair or deceptive. It is insufficient to merely assert that the violation itself, such as "the failure to evaluate plaintiffs" or "the denial of a HAMP modification," was unfair. Markle v. HSBC Mortg. Corp. (USA), 844 F. Supp. 2d 172, 186 (D. Mass. 2011).

Moreover, a plaintiff bringing a 93A claim must first submit a demand letter to the defendant at least 30 days before filing suit. McKenna v. Wells Fargo Bank, N.A., 693 F.3d 207, 217 (1st Cir. 2012); Mass. Gen. Laws ch. 93A, § 9(3). This demand letter requirement "is not merely a procedural nicety, but, rather, 'a prerequisite to suit.'" Id. at 217–18 (quoting Rodi v. S. New Eng. Sch. of Law, 389 F.3d 5, 19 (1st Cir.2004)). Nothing in the Second Amended Complaint suggests that Plaintiff sent a demand letter to Citibank or that the requirement did not apply. Therefore, Plaintiff's failure to meet the demand letter requirement also warrants the dismissal of Count II.

### III.  CONCLUSION

For these reasons, Defendant's Motion to Dismiss (Doc. 35) is ALLOWED and Plaintiff's Second Amended Complaint is DISMISSED. In the circumstances of this case, a further period of time to file another complaint is unwarranted. Accordingly, this case is DISMISSED WITH PREJUDICE.

SO ORDERED.

  /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge